Alberto **FUENTES** et al., Appellants,

v.

**STRAUS–FRANK COMPANY, Appellee.**

No. 14655.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 17, 1968.

James R. Warncke, San Antonio, for appellants.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellee.

BARROW, Chief Justice.

Appellee, Straus-Frank Company, a Texas corporation, recovered judgment from appellants, Alberto Fuentes and Raymon Fuentes, individually and doing business as Fuentes Bros. Auto Supply, after a nonjury trial, for the sum of $803.01, together with attorney's fees in the amount of $350.00, in its suit upon an account verified in accordance with Rule 185, Texas Rules of Civil Procedure. This appeal is made without a statement of facts and the only question presented is the propriety of awarding attorney's fees under Art. 2226, Vernon's Ann.Civ.St.

Appellee's verified petition sought to recover for goods, wares and merchandise sold and delivered to appellants at their special instance and request, of the reasonable market value in Bexar County, Texas, of $803.01. Attached to said petition as Exhibit "A" was a statement on appellee's letterhead providing "Balance July 10, 1966, $803.01." Appellants did not except to this petition and filed only a general denial. There is no contest of the principal amount of $803.01. Appellants urge that since the statement sued upon was not itemized and the trial court found that appellee did not prove any specific transaction to make up the balance of $803.01, appellee is not entitled to recover attorney's fees.

The trial court heard evidence and made formal findings that appellee sold and delivered to appellants at their special instance and request certain goods, wares and merchandise of the reasonable market value in Bexar County of $803.01. Further, that the account was just and true, and that all just and lawful offsets, payments and credits had been allowed, and that demand had been made more than thirty days prior to the institution of the suit. The court also found that the reasonable value of the legal services rendered to appellee was $350.00.

These findings are not challenged in any way by appellants and they fully support a recovery for attorney's fees under Art. 226, supra. In Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958) the Supreme Court held that a sworn account, as used in this statute, should be "defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract." See also Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435 (1961).

Here there was a sale by appellee to appellants of goods, wares and merchandise whereby the relationship of debtor-creditor was created. There is not even a suggestion in the record that the suit was based upon a special contract rather than a sworn account. The trial court did not err in awarding reasonable attorney's fees.

The judgment is affirmed.

CADENA, J., not participating.