John MERGELE, d/b/a Bexar Vending
Company, Appellant,

v.

Sam G. HOUSTON, Jr., d/b/a Sam Houston
Vending Company, Appellee.

No. 14716.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 20, 1968.

Rehearing Denied Jan. 8, 1969.

Prickett, Tracy & Cook, Joe D. Prickett, San Antonio, for appellant.

Sawtelle, Goode, Troilo, Davidson & Leighton, Terry Topham, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment whereby appellee recovered the sum of $4,661.81 from appellant in his suit for debt and attorneys' fees. This judgment includes the sum of $2,106.40 on a so-called stated account, interest on said sum from July 15, 1965, to date of judgment in the amount of $305.41, reasonable attorneys' fees of $750.00, and the sum of $1,500.00 for the reasonable rental value of a coffee machine for thirty months at $50.00 per month. Although the trial was by jury, the only issue submitted inquired as to the rental value of the coffee machine. The amount of attorneys' fees was set by the trial court in accordance with the stipulation of the parties.

Appellant urges sixteen points of error which will be grouped in accordance with the item of recovery to which each is applicable, i. e., the stated account, interest, attorneys' fees, or rental value of the coffee machine. Four of these points complain of the error of the court in overruling appellant's objections to the charge of the court. These objections were apparently timely dictated to the court reporter by agreement of counsel and with permission of the court, in that the transcript contains a document to this effect. However, that instrument does not have the official signature of the judge endorsed thereon as required by Rule 272, Texas Rules of Civil Procedure. In the absence of a compliance with this rule, appellant's objections were not properly preserved for appellate review and these points cannot be considered by us. Maryland Casualty Co. v. Golden Creamery, 389 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); Uehlinger v. State, 387 S.W.2d 427 (Tex. Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); Bituminous Casualty Corp. v. Jordan, 351 S.W.2d 559 (Tex.Civ.App.—Waco 1961, no writ); Ramsey v. Polk County, 256 S.W.2d 425 (Tex.Civ.App.—Beaumont 1953, no writ).

The factual background of this litigation is relatively simple as compared to the complex procedural background. Each party went to trial on his second amended original pleading and thereafter each filed

two trial amendments. Appellee's last petition sought to recover the sum of $3,561.00 on a sworn account, on which $200.00 had been paid, together with reasonable attorneys' fees. This account was based on the following items:

| | |
|---|---:|
| Table and chairs | $ 400.00 |
| Truck van | 700.00 |
| For time and expense (10 days) | 1,006.40 |
| Cash placed in change machine | 7.00 |
| Coffee machine | 1,380.00 |
| Freight | 40.00 |
| Sales Tax | 27.60 |
| | $3,561.00 |

In the alternative appellee alleged that said items and services were furnished to appellant and were of the reasonable value as set out above. As to the coffee machine, it was alleged in the further alternative that if it was not requested by appellant, same was delivered to him erroneously or by mistake, and that since appellant had accepted and used the machine he thereby waived any right to deny that appellee was entitled to recover the purchase price of same.

Appellant admitted that he was indebted for the first three items of the account listed above, although he pleaded that payments had been made. He denied that he had requested the coffee machine, and alleged that he was required to store it on behalf of appellee for seventeen months at an expense of $27.50 per month. He further pleaded that he had returned several candy machines to appellee in Wichita Falls, and that he was entitled to recover for three days' services at $100.00 per day in arranging to store the coffee machine and in returning the candy machines. He accordingly prayed for judgment on his counter-claim for his time and expense. No issues were requested in support of this counter-claim.

The evidence establishes that prior to April, 1965, both parties lived in Wichita Falls where appellant worked for Fed Mart and appellee operated his automatic vending machine business. In this capacity, appellee owned numerous types of vending machines which he placed in locations such as Sheppard Air Force Base and Fort Sill. Appellee also had machines at the Fed Mart in Wichita Falls and the parties became friends through this relationship. In April, 1965, appellant quit his Fed Mart job and moved to San Antonio. Appellee helped appellant move, and at that time there was some discussion relative to appellee's locating vending machines in this area. Between April and June there were further discussions, without a formal agreement, to the effect that the parties would form a partnership or corporation to operate a vending machine business in San Antonio. Appellee was to furnish the equipment and know-how and appellant would manage the business.

Around the first part of May, 1965, a building was rented in San Antonio, and various vending machines were brought from Wichita Falls by appellee and installed in that location. Arrangements were also made to install machines in a school district in San Antonio. By June 12, 1965, the parties had mutually agreed that a partnership arrangement could not be worked out between them and a settlement was agreed upon whereby appellant was to get the business, including the equipment, and was to pay appellee the sum of $5,628.-78. This indebtedness was acknowledged by appellant in a letter of June 15, 1965, to appellee, which recognized the valuations attached to each of the first three items

of the account. Appellee concedes that shortly thereafter appellant reduced this debt to $2,106.40 by return of candy machines and payment of a truck lien. The coffee machine was not mentioned in the agreement of June 12, 1965, although it was in San Antonio at the time and installed in the building with other machines.

■ Appellant directs four points to the stated account. He urges that the trial court erred in overruling his special exceptions and not requiring appellee to identify the items contained in said account by detailed description. He also urges that there were no pleadings to support appellee's testimony that he owned said items and that there was no testimony that the charges were fair, reasonable or supported by consideration. It is seen that both by pleadings and by his letter of June 15, 1965, appellant acknowleged that he owed for these items in the amounts alleged in accordance with the dissolution agreement. Therefore, the court did not err in rendering judgment for same.

Interest was allowed on this account from July 15, 1965, to date of judgment and appellant urges that there were no pleadings to support same. The prayer to appellee's second amended original petition seeks "interest at six (6) per cent on the unpaid indebtedness." Appellee also filed a trial amendment after the verdict of the jury but before judgment, seeking interest on this sum. The prayer, which was not excepted to by appellant, fully supports the recovery of interest.

The parties stipulated that the trial court could determine a reasonable attorneys' fee in the event it should be found that appellee was entitled to recover same. In accordance with this stipulation, the trial court awarded the sum of $750.00 as a reasonable fee for prosecution of this suit on the stated account. Appellant complains that the pleadings and evidence are insufficient in law to support a claim for attorneys'

fees, and also that there is no evidence to show a presentment of a claim within the terms of Art. 2226, Vernon's Ann.Civ.St., more than thirty days before this suit was filed on October 12, 1966, and that, in any event, a fact issue was raised as to whether a presentment was made.

■ Appellee testified that a written demand was mailed from his office on August 19, 1965, asserting claim for $2,100.-00, and that in addition numerous telephone calls were made to appellant and "other invoices sent." On November 5, 1965, he made a trip to San Antonio in an effort to collect the account and at that time $200.00 was paid by appellant and the balance promised within two weeks. Appellant denied receiving the invoice dated August 19, 1965, or any other statement on this account, and testified that he had tried without success to secure an accounting from appellee. On the other hand, he "couldn't say" if he had received a letter dated January 19, 1966, from an attorney for appellee making demand for $3,361.00, which letter was purportedly sent by certified mail, return receipt requested. We say purportedly, because there was no testimony offered by appellee to this effect. The evidence, when considered under the no evidence test,[1] raised a fact issue on presentment if appellee was entitled to recover his attorneys' fees under Art. 2226.

This article provides in part that any person having a valid claim against another for personal services rendered, labor done, material furnished, or suits founded upon a sworn account or accounts, may recover in addition to his claim and costs a reasonable attorney's fee, if same was not paid or satisified at the expiration of thirty days after the claim was presented. It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the

---

1. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965).

other, and the relation of debtor and creditor is thereby created by general course of dealing. It does not mean transactions between parties resting upon special contracts. Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435 (1961); Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958); Fuentes v. Straus-Frank Company, 423 S.W.2d 633 (Tex.Civ.App.—San Antonio 1968, no writ).

■ Here appellee seeks to recover attorneys' fees upon an allegedly stated account. However, the evidence establishes that the amount sued for is based upon the agreement entered into by the parties in dissolution of their partnership or joint venture. Therefore, the suit is one upon a special contract, and a recovery of attorneys' fees under the account provision of this statute cannot be had upon such a contract.

■ Appellant complains of the recovery for the reasonable rental value of the coffee machine by five points of error. However, three of these points relate to his objections to the charge of the court and are not properly preserved. In addition, he urges that the trial court erred in permitting appellee to file a trial amendment just prior to the submission of the case to the jury wherein, for the first time, it was alleged that since appellant had accepted and used the coffee machine, he either ratified the sale and purchase of it or was obligated to pay to appellee the reasonable rental value for use of same. The record shows appellant objected to the filing of such trial amendment without stating the grounds of his objection. He urges now that the trial amendment came as a surprise in that it set forth a new and different cause of action which was barred by the statute of limitation. The record does not show that appellant requested a postponement or continuance to present additional evidence, nor has he urged on this appeal that there is any such evidence. He did not urge his plea of limitations until in his motion for new trial and therefore same was not timely. Rule 94, T.R.C.P. This new theory has resulted in an obvious hardship on appellant, in that appellee's theory throughout the trial was that appellant had purchased the machine and owed approximately $1,450.00 for same. Under the judgment appellant is required to pay $1,500.00 in rent and still would not own the machine.

Reasonable rental value was first injected in the case when appellee was recalled as a rebuttal witness after appellant had rested his case. He was asked the reasonable rental value of the coffee machine although he had never contended that there was any agreement to rent the machine. Appellant's objection that such evidence was not rebuttal testimony was overruled by the court. Appellant's only other objection, which he now urges on this appeal, is that appellee was not qualified to testify as to the reasonable value of this machine in Bexar County.

■ Rule 66, T.R.C.P., provides in part that the court may allow the pleadings to be amended during the trial and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his defense upon the merits. Although the application of these rules is within the sound discretion of the trial judge, nevertheless, the interpretation followed by the appellate courts is that such discretion is to be exercised liberally in favor of justice. Rose v. Shearrer, 431 S.W.2d 939 (Tex. Civ.App.—San Antonio 1968, no writ); Alamo Ambulance Service, Inc. v. Moulton, 402 S.W.2d 200 (Tex.Civ.App.—San Antonio 1966), affirmed, 414 S.W.2d 444 (Tex.Sup.1967).

It cannot be said that such issue was tried by implied consent. There was no contention by appellee that appellant had rented the machine. Rather, his testimony was that he sold the machine to appellant. On the other hand, appellant testified that

he had not requested this machine and repeatedly tried to get rid of it, either to the company who sold it or to appellee. He crated it up, put it in a warehouse and notified appellee that it was ready for shipment. After seventeen months without an accounting from appellee, or payment of the storage charges, appellant took the machine out of storage and placed it on location at a school. There was no evidence as to the net earnings, if any, from said use. Thus it is seen that there is a dispute in the testimony as to the use of the machine by appellant over the thirty months it was in his possession.

The trial court, nevertheless, considered that appellant was obligated as a matter of law to pay the monthly rental value of this machine for the entire time that it was in his possession and granted an instructed verdict except as to the amount of same. Appellant does not complain of the granting of this instructed verdict, and his objections to the charge of the court for failure to submit issues as to whether he had requested the machine have not been properly preserved.

■ We cannot say that the trial court abused its discretion in permitting the filing of this trial amendment in the absence of a plea of surprise, request for postponement or continuance, discovery of additional evidence on this point, or objections to the issues submitted on this new theory.

■ Nor did the trial court abuse its discretion in permitting appellee to testify to the reasonable rental value of this coffee machine in Bexar County. He had been in this business over eight years and owned approximately thirty other machines of this type. He was familiar with the cost of said machines, the monthly payments, and the anticipated earnings of same. Appellee testified that although he had never rented a machine in Bexar County, he was familiar with the rental value in other cities and that the value is standard throughout Texas. The trial court

is given a wide discretion in determining if a witness is qualified to give an opinion. McCormick & Ray, Texas Law of Evidence, § 1401. Appellant's point complaining of the admission of appellee's testimony of the reasonable rental value of this coffee machine is overruled.

The judgment of the trial court is reformed by striking the recovery of $750.00 for attorneys' fees. In all other respects the judgment is affirmed.