**R.A. CANDELIER and M.C. Candelier, Appellants,**

v.

**John RINGSTAFF, Appellee.**

**No. 09–88–237 CV.**

Court of Appeals of Texas, Beaumont.

Feb. 15, 1990.

Rehearing Denied March 14, 1990.

Karl E. Kraft, Spring, A.J. Hartel, Liberty, for appellants.

J.C. Zbranek, Zbranek, Hight & Cain, P.C., Liberty, for state appellee.

## OPINION

BURGESS, Justice.

Appellants R.A. Candelier and M.C. Candelier bring this limited appeal from the bench trial of a will contest. Appellants successfully contested the probate of the purported will of Chester A. Candelier and appeal the award of expenses and attorney's fees to John Ringstaff, the will proponent.

Appellants' first four points of error urge the trial court erred in permitting appellee to file a trial amendment adding a request for recovery of expenses and attorney's fees after the case was submitted to the court that year. The court announced its decision October 23, 1987. At a hearing on motion to enter judgment held February 3, 1988, appellee requested and received leave to file a motion for award of attorney's fees and expenses pursuant to *TEX. PROB.CODE ANN. sec. 243* (Vernon Supp. 1989). On May 9, 1988, the trial court heard the appellee's request for attorney's fees and expenses, and appellants' motion to enter judgment and motion to strike appellee's pleadings. Appellants requested and received the right to introduce evidence at this hearing and produced a testifying witness. Judgment was entered July 7, 1988.

Appellants argue the judgment became final October 23, 1987, and could not be altered by later pleadings and hearings. A statement of facts from a hearing held that day reflects the court made an oral pronouncement from the bench that the decedent lacked testamentary capacity at the time the will was executed and that he was unduly influenced. The trial judge also stated that further proceedings would be held. It appears this ruling neither disposed of all issues and parties in the case nor was intended to be the final judgment. Regardless, the trial court may grant a new trial or vacate, modify, correct or reform the judgment any time within 30 days after the written judgment is signed. *TEX.R.CIV.P. 306a, 329b.*

It is within the trial court's broad discretion to permit the filing of trial amendments before the judgment is signed. *Smith v. Smith,* 720 S.W.2d 586 (Tex.App.—Houston [1st. Dist.] 1986, no writ). The trial court shall allow the filing of the amendment unless there is a showing the amendment would operate as a surprise to the opposing party. *Rocha v. Ahmad,* 676 S.W.2d 149 (Tex.App.—San Antonio 1984, writ dism'd). We will disturb the ruling of the trial court only on a clear showing of abuse of discretion. *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630 (Tex.1986); *Kirby Forest Industries, Inc. v. Dobbs,* 743 S.W.2d 348 (Tex.App.—Beaumont 1987, writ denied). Furthermore, the trial court may permit additional evidence to be offered at any time. *TEX.R.CIV.P. 270.* The decision of whether or not to reopen a case is within the trial court's discretion and such discretion should be liberally exercised in the interest of permitting both sides to fully develop their case in the interest of justice. *Lifestyle Mobile Homes v. Ricks,* 653 S.W.2d 602 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.).

Appellants did not move for continuance based on surprise. *See Hardage v. Rouly,* 349 S.W.2d 616 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.); *Dirks v. Dirks,* 302 S.W.2d 471 (Tex.Civ.App.—San Antonio 1957, writ dism'd). Appellants do not complain they were forced to try the issue of expenses and attorney's fees without adequate time to prepare. In fact, appellants had at least three months to prepare for the hearing and their motion to present evidence was granted. There is no

indication appellants were deprived of the opportunity to properly protect their position. *See Mergele v. Houston,* 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Galaviz v. Langdeau,* 352 S.W.2d 352 (Tex.Civ.App.—Austin 1961, no writ). Points of error one, two, three and four are overruled.

■ Points of error five through twelve inclusive attack the sufficiency of the evidence to support recovery by appellee of expenses provided by *TEX.PROB.CODE ANN. sec. 243* (Vernon Supp.1989). Appellants filed a request for a partial statement of facts which included their points of error and which requested only the hearings held in 1987 and 1988 but which excluded the trials held in 1982 and 1984. There is a presumption that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. *TEX.R.APP.P. 53(d).* This presumption is rebuttable. During the February 3, 1988 hearing on the motion to enter judgment, appellee made an oral motion for leave to file a trial amendment. After that motion was granted by the court, appellants' counsel had the following discussion with the court:

> [APPELLANTS' COUNSEL]: Your Honor, in order to grant his motion or not grant his motion, you have got to consider the testimony of all of those people up there, about Ringstaff, what he did, and so on and so on, for the purpose of determining whether probable cause or good cause—whether or not he acted in good faith. So, as I said while ago, we are going to be rehashing this whole evidence to Your Honor to refresh your memory.
>
> THE COURT: I have already heard the evidence. That was not the problem, not remembering it.
>
> . . . .
>
> [APPELLANTS' COUNSEL]: But if all of those—everything that has gone before, I would think has a bearing on whether or not Mr. Ringstaff filed this will for probate in good faith and with probable cause.
>
> . . . .
>
> THE COURT: [W]e are not going to hear this case again before it goes some-where else. All I am going to hear is this evidence as to his attorney's fees and expenses. We are not going to rehash anything else. You make an objection as to repetition and it will be ruled on.
>
> [APPELLANTS' COUNSEL]: All right, sir.

■ It is clear from the record before us that the court considered the evidence produced during the entire trial in making its determination of the fact issues of good faith and just cause and not just that evidence produced during the hearings held in 1987 and 1988. The burden is on appellants to present sufficient record to show error requiring reversal. *TEX.R.APP.P. 50(d).* An appellant attacking the sufficiency of the evidence must necessarily bring forth the entire record. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968). Appellants attack the sufficiency of all of the evidence to support the trial court's findings of fact and therefore cannot avail themselves of the presumption that nothing omitted from the record is relevant to the appeal. Without the entire statement of facts expressly relied on by the court appellants have not met their burden of showing reversible error. Points of error five through twelve inclusive are overruled.

■ Appellants' final point of error urges error in permitting recovery of expenses in the absence of pleadings to support the amount of recovery. Appellee filed pleadings entitled "Proponent's Trial Amendment" alleging the will was filed for probate in good faith and with just cause and that he incurred reasonable expenses in the amount of at least $2,000 and attorney's fees of at least $10,000. The court awarded $11,932.36. Appellants do not state how the pleadings were deficient or what harm they suffered thereby nor do we so detect. Point of error thirteen is overruled and the judgment of the trial court affirmed.

AFFIRMED.