**Ralph SCHAFER, et al, Appellants,**

v.

**C.L. CONNER, et al, Appellees.**

**No. 09–90–002 CV.**

Court of Appeals of Texas,
Beaumont.

Feb. 14, 1991.

Rehearing Denied March 21, 1991.

Vincent A. Gamal, Houston, for appellants.

Ernest Coker, Jr., Coker, Durst & Wood, Conroe, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

This case comes to us from the 284th Judicial District Court of Montgomery County, Honorable Olen Underwood, Judge presiding. At trial court level, this case involved a suit for damages, permanent injunctive relief and an accounting. The record reflects that appellants are the owners of real property located in Park Place, a

mobile home subdivision situated in Montgomery County. This real property was sold to appellants by appellees, who are the developers of the subdivision. Originally, the State of Texas, appellants and other individuals brought this action for alleged violation of the *Texas Deceptive Trade Practices–Consumer Protection Act.* TEX. BUS. & COM.CODE ANN., subchapter E (Vernon 1987). Additionally, the individual plaintiffs sought recovery for breach of contract. With the court's permission, all parties agreed to a bifurcated trial, wherein a jury ruled on issues of liability and the court assessed damages. The jury rendered a verdict in favor of all individual plaintiffs. Thereafter, the State and the appellees entered into an agreed judgment, and that part of the lawsuit was severed from the main case. The jury rendered their verdict in favor of the individual plaintiffs on the theory of deceptive trade practices. After a continuation of that trial on the question of damages, the trial court entered its judgment that certain plaintiffs, including appellants Ralph C. Schafer, *et ux.*, Dorothy Schafer, Ray Stead, *et ux.*, Eva Stead, R.J. Wuensche, *et ux.*, Patricia Wuensche, recover money damages and attorneys' fees; and that other plaintiffs including appellants Joseph Hilyard, *et ux.*, Maria Hilyard, take nothing. From such judgment, appellants have duly perfected this appeal bringing to this Court twelve points of error. Only Ray Stead, *et ux.*, Eva Stead, R.J. Wuensche, *et ux.*, Patricia Wuensche and Joseph Hilyard *et ux.*, Maria Hilyard are appellants in this appeal.

Subsequent to the trial court's entry of judgment on September 15, 1989, appellants filed a motion for new trial and a motion to modify judgment. The trial court overruled these respective motions and appellants then filed a Notice of Limitation of Appeal as allowed by TEX.R.APP.P. 40(a)(4).

Appellants' Notice of Limitation of Appeal sought to limit the subject matter on appeal to those particular portions of the trial court's judgment relating to appellants' damages herein; attorneys' fees; the DTPA claims; and the demand for an accounting. Appellants also filed their statement of points to be relied on for appeal pursuant to TEX.R.APP.P. 53(d). Appellants then filed their request with the district clerk's office that certain materials be included in the transcript and made further requests regarding the statement of facts and designation of matters to be included and omitted. It is clear that appellants' request for statement of facts only included the testimony of witnesses of appellants' choosing.

Appellees filed their request to have certain specific matters included in the transcript and also designated certain testimony to be included in the statement of facts, however appellees failed to file their requested statement of facts with this Court in a timely manner. On July 19, 1990, this Court overruled appellees' motion to permit late filing of statement of facts.

We perceive all but two of appellants' points of error to be an attack upon the sufficiency of the evidence supporting the trial court's findings on damages and attorneys' fees. Our perception comes from the fact that even though appellants did not use the magic words, "sufficiency" or "insufficiency", the effectual meaning and intent to be gleaned from those stated points has to be as to the "sufficiency" of the evidence.

Question: Can an appellate court sustain a point of error attacking the "sufficiency of the evidence", when such appellate court has only a part of all the evidence presumed to have been considered by the trial court? We hold that we can not.

■ An appellant attacking the sufficiency of the evidence must necessarily bring forth the entire statement of facts. *See, Candelier v. Ringstaff,* 786 S.W.2d 41 (Tex.App.—Beaumont 1990, *writ denied*); *see also, Rowlett v. Colortek, Inc.,* 741 S.W.2d 206 (Tex.App.—Dallas 1987, *writ denied*). Appellants attack the sufficiency of all the evidence to support the findings of the trial court and therefore cannot avail themselves of the presumption that nothing omitted from the record is relevant to the appeal. *Candelier, supra* at 44. Therefore, appellants have not met their burden

of presenting a record sufficient to show error requiring reversal. TEX.R.APP.P. 50(d) (Vernon Supp.1990).

■ If it is ever possible for an appellant to attack the sufficiency of the evidence to support the trial court's findings relying upon a partial statement of facts in order to do so he must comply with the requirements of TEX.R.APP.P. 53(d). Otherwise it will be presumed that the omitted portions of the record support the trial court's judgment. *See, Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex.1990). TEX.R.APP.P. 53(d) provides as follows:

**Partial Statement.** If appellant requests or prepares a partial statement of facts, he shall include *in his request or proposal* a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts. (emphasis ours).

■ The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. *Christiansen, supra* at 843.

■ In this case, appellants filed their request for the partial statement of facts and a statement of the points to be relied on as two separate documents. Both were served on appellees' attorney at the same time. Hypertechnical though we may be, where an appellant presents only a partial statement of facts and does not include *a statement of the points to be relied on in his request to the court reporter*, the presumption that the omitted material is irrelevant does not apply. *See, Dresser Industries, Inc. v. Forscan Corp.*, 641 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1982, *no writ*). The presumptions applied when the rule is complied with are of such importance in the determination on appeal that strict compliance with the requirements of the rule by the party seeking to invoke their application must be required. *Id.* at

315. In this case, appellants did not include their statement of points to be relied on in their request for matters to be included in the statement of facts. Therefore, they have not strictly complied with Rule 53(d). Therefore, we must presume that the omitted portions of the record support the trial court's judgment as to damages. With regard to those of appellants' points of error which concern sufficiency of the evidence, appellants have not met their burden of showing reversible error. TEX.R. APP.P. 50(d); *see also, Candelier, supra* at 44. Appellants' points of error one through three and six through twelve are overruled.

■ Appellants' point of error number four urges that the trial court erred in failing to award appellants Ray and Eva Stead multiple damages pursuant to TEX. BUS. & COM.CODE ANN. § 17.50(b)(1) (Vernon 1987). The jury found that appellees committed two violations of the Deceptive Trade Practices Act which were the producing cause of damages to each of the plaintiffs, including the Steads. The jury also found that appellee Conner or his agents represented to appellants that the word "amenities" as used in the contract included provision of utilities, provision of full-time security, a community swimming pool, a community center, community tennis courts and other improvements. The jury also found that failure to provide such amenities was the cause of damage to each plaintiff, including appellants.

We agree with appellants that the trial court should have awarded damages as provided for by § 17.50(b)(1) TEX.BUS. & COM.CODE ANN. which is mandatory in that "... the court *shall* award two times that portion of the actual damages that does not exceed $1,000.00." (emphasis added). *See, David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 837 (Tex.App.—Dallas 1984, *writ ref'd n.r.e.*). Appellants' point of error four is sustained and judgment is rendered in the sum of $2,589.00. This figure is arrived at by multiplying $863.00 actual damages by two (2) then adding that figure to the actual damages.

Point of error number five which complains of trial court error in failure to award the Hilyards multiple damages pursuant to provisions of the TEX.BUS. & COM. CODE ANN. § 17.50(b)(1) is overruled.

The trial court found that the Hilyards suffered no actual damages therefore, no multiple damages are triggered.

■ Appellees urge by cross point that the trial court erred in awarding exemplary damages to appellants R.J. Wuensche and Patricia Wuensche, because there was no jury finding that appellees' conduct was committed knowingly. Appellees argue that whether such conduct was committed knowingly was an issue of liability which should have been submitted to the jury under the bifurcation agreement. Appellees do not explain how this issue affected the determination of their liability to appellants. The only effect of such a finding in a deceptive trade practices case is to allow the award of greater damages. The parties' agreement was that damages issues would be decided by the trial court. Therefore, the trial court did not err in deciding this issue. Appellees' cross point is overruled and the trial court's judgment is affirmed in part and reversed and rendered in part.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.