**WEINGARTEN REALTY INVESTORS,**
**Appellant,**

v.

**HARRIS COUNTY APPRAISAL**
**DISTRICT, Appellee.**

**No. 14–01–00094–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 2002.

Laurellen Elizabeth Ratliff, Mark Stephen Hutcheson, William Ikard, Austin, for appellants.

Robert P. McConnell, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION ON MOTION FOR REHEARING

KEM THOMPSON FROST, Justice.

We overrule appellant Weingarten Realty Investors's motion for rehearing. We withdraw the opinion issued in this case on May 2, 2002, and we substitute the following opinion in its place.

### INTRODUCTION

This is a property-tax-appraisal case involving alleged unequal taxation of commercial property owned by Weingarten Realty Investors. Weingarten appeals the trial court's judgment in favor of the Harris County Appraisal District ("HCAD"). We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Weingarten purchased Champion's Village Shopping Center in December 1998, for $36 million. Champion's Village is located at FM 1960 and Champion Forest Drive in Houston, Harris County, Texas, and contains approximately 400,000 square feet of net rentable area.

HCAD appraised Champion's Village Shopping Center at $30 million for the 1999 tax year. Weingarten protested HCAD's appraisal, and after exhausting its administrative remedies, timely appealed to the district court. In its petition, Weingarten made two claims of entitlement to relief for the 1999 tax year under the Texas Tax Code. Weingarten contended the appraised value of Champion's Village Shopping Center was in excess of its fair market value under the Texas Constitution. Weingarten also contended the appraised value was unequal to the appraised values of several comparable properties for purposes of *ad valorem* taxation. Weingarten later nonsuited the excessive-valuation appeal and proceeded to trial solely on its unequal-appraisal claim.

Before trial began, HCAD filed a motion to exclude the testimony of Weingarten's sole expert witness, David Dominy. The motion, filed under *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556 (Tex.1995), raised four main arguments: (1) Dominy did not consider fair market values in conducting his analysis; (2) in making his value adjustments, Dominy did not consider the economic characteristics of Champion's Village Shopping Center or of the "assessment comparables" that Dominy selected; (3) Dominy did not include a reasonable number of comparable properties in his analysis; and

(4) Dominy's value adjustments were not based upon any quantitative analysis. In its third argument, HCAD raised objections to the selectivity and substantive quality of the comparable properties as well as to the quantity of them. In its fourth argument, HCAD objected to Dominy's *ipse dixit* used to make the required adjustments to the comparable properties under section 42.26(d) of the Texas Tax Code.

Rather than conduct a pretrial *Robinson* hearing, because it was a bench trial, the trial court "carried the motion." At trial, Dominy testified Champion's Village was unequally appraised and its equal-appraised value was $19,149,962—more than $10 million less than HCAD's 1999 appraisal. At the conclusion of the one-day bench trial, the trial court requested post-trial briefs in lieu of closing arguments. Along with its brief, Weingarten submitted additional evidence for purposes of HCAD's *Robinson* challenge— the affidavits of Breck Bostwick and Ronald Little. About six weeks after the trial, the court entered an order excluding the testimony of Dominy and simultaneously signed a take-nothing judgment against Weingarten. Weingarten filed a motion to reconsider and motion for new trial. The motion for new trial was overruled by operation of law, and after a hearing on the motion to reconsider, the trial court entered no further orders.

## ISSUES PRESENTED

Weingarten presents three issues for review:

(1) Did the trial court abuse its discretion in excluding Weingarten's expert witness by misinterpreting and misapplying section 42.26(d) of the Texas Tax Code?

(2) Does *Robinson* apply to the trial court's exclusion of Dominy's testimony, and if it does, did the trial court abuse its discretion in excluding Dominy's testimony under *Robinson?*

(3) Is Weingarten entitled to an award of reasonable attorney's fees?

## STANDARD OF REVIEW

■■■ We review an order excluding an expert witness under an abuse-of-discretion standard. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 499 (Tex.2001). The trial court abuses its discretion when its ruling is arbitrary, unreasonable, or made without reference to any guiding rules or legal principles. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998).

The trial court did not enter findings of fact or conclusions of law. Therefore, we view the trial court's judgment as impliedly finding all the facts necessary to support its judgment. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). Weingarten also challenges the trial court's implied findings underlying the judgment and exclusion order by contesting the legal and factual sufficiency of the evidence to support them. *See Worford,* 801 S.W.2d at 109. Under an abuse-of-discretion standard, legal and factual sufficiency challenges are not independent grounds of error. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991); *In re D.S.,* 76 S.W.3d 512, 516 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

## ANALYSIS

■■■ We begin by addressing HCAD's contention that Weingarten waived a portion of the argument it now brings on appeal. In its motion to exclude expert testimony, HCAD attacked the reliability

of Dominy's foundational data. On appeal, HCAD argues Weingarten waived review as to HCAD's argument that Dominy's calculations are unreliable because they are based on only portions of comparable retail centers. HCAD claims Weingarten did not specifically address this argument in its original brief. We disagree. As Weingarten points out in its reply brief, appellate courts treat an issue or point as covering every subsidiary question that is fairly included in the issue or point. *See* Tex.R.App. P. 38.1(e); *see also Stephenson v. LeBoeuf*, 16 S.W.3d 829, 843–44 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). Weingarten's brief presented the following issue: "Whether the trial court abused its discretion in excluding Dominy's testimony under *Robinson?*" In *Robinson*, the Texas Supreme Court set forth a two-part test governing the admissibility of expert testimony—(1) the expert must be qualified; and (2) the testimony must be relevant and be based on a reliable foundation. *See Robinson*, 923 S.W.2d at 556. An issue presented for review that invokes *Robinson* also invokes the reliability of an expert witness's foundational data, which, in this case, includes the quality of the comparable properties. We conclude that Weingarten has sufficiently assigned error on appeal.

### Is an expert witness insulated from a *Robinson* reliability challenge when a statute mandates the methodology?

In its second issue, Weingarten argues that an expert witness is insulated from a *Robinson* reliability challenge when a statute mandates the methodology used by the expert. Weingarten cites *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 506–07 (5th Cir.1999), for this proposition. Weingarten claims this court is required to hold Dominy's testimony reliable as a matter of law because Dominy employed a statutorily mandated methodology, specifically, section 42.26(d) of the Texas Tax Code. In *Rushing*, the Fifth Circuit was concerned with the admissibility of an expert's affidavit in an appeal of a partial summary judgment. *See id.* The opponent argued against admissibility based on the expert's qualifications and the reliability of his testing methods. *Id.* The proponent responded that the expert precisely followed techniques mandated by Noise Control Act regulations. *Id.* Unlike this case, there was no direct challenge to the reliability of the underlying facts or data employed by the expert in conducting the sound-level testing. *See id.* We do not find *Rushing* persuasive or controlling in this case; its reliability challenge focused on qualifications and methodology, not underlying data. *See id.* Reliability of methodology is only one facet of the reliable foundation required to admit expert testimony under Texas Rule of Evidence 702. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 713–14 (Tex. 1997). If a statute requires a certain methodology, then use of that methodology alone would not be unreliable. However, Dominy's use of a statutorily mandated methodology does not insulate Dominy's testimony from the *Robinson* requirements. Therefore, we consider whether Dominy's testimony satisfied *Robinson*.

### Did the trial court abuse its discretion in excluding Dominy's testimony under *Robinson* ?

Unreliable expert testimony is of no evidentiary value. *See Havner*, 953 S.W.2d at 712. Texas Rule of Evidence 702 requires that all expert testimony, not just scientific evidence, be relevant and reliable before it is admitted. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 727 (Tex.1998). As noted above, for expert testimony to be admissible: (1) the

expert must be qualified; and (2) the testimony must be relevant and be based on a reliable foundation. *Robinson*, 923 S.W.2d at 556. The trial court makes the initial determination about whether the expert and the proffered testimony meet these requirements. *Id.* The trial court may exclude the expert testimony if there is too great an analytical gap between the data and the opinion proffered. *Gammill*, 972 S.W.2d at 727.

 The trial court's gate-keeping function does not supplant cross-examination as the "traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 728. The availability of cross-examination, however, does not relieve the trial court of its threshold responsibility under Rule 702 to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Id.* In ruling on reliability, the trial court is not to determine whether the expert's conclusions are correct; rather, it determines whether the expert's analysis is reliable. *Robinson*, 923 S.W.2d at 557; *Gammill*, 972 S.W.2d at 727–28. Instead of focusing on the expert's conclusions, the trial court focuses on the reliability of the principles, research, and methods underlying them, as well as on the expert's reasoning and methodology. *Robinson*, 923 S.W.2d at 557. If the foundational data underlying opinion testimony is unreliable, an opinion drawn from that data is likewise unreliable. *Havner*, 953 S.W.2d at 714. Unreliable expert testimony is legally no evidence. *Id.*

 In *Robinson*, the Texas Supreme Court identified six nonexclusive factors to determine whether an expert's testimony is reliable and thus admissible. *See Robinson*, 923 S.W.2d at 557. But in *Gammill*, our high court recognized that the *Robinson* factors may not apply to certain testimony. *See Gammill*, 972 S.W.2d at

726. In non-scientific cases, it is impossible to set out specific criteria for evaluating the reliability of expert testimony, and, ultimately, the trial court has discretion to determine how to assess reliability. *See Kroger Co. v. Betancourt*, 996 S.W.2d 353, 362 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Reliability is an admissibility issue for the trial court, not a weight-of-the-evidence issue for the fact finder. *See General Motors Corp. v. Sanchez*, 997 S.W.2d 584, 590 (Tex.1999).

 In this case, because the trial court carried HCAD's motion to exclude, Dominy testified as if his opinions were admitted evidence. The main avenue for HCAD to challenge the reliability of Dominy's testimony was on cross-examination; on appeal, this does not mean that Dominy's testimony can only be challenged by sufficiency-of-the-evidence issues as opposed to admissibility. In its cross-examination, HCAD extensively challenged the foundational data Dominy used in making his unequal-appraisal calculations. HCAD demonstrated the "comparable properties" Dominy used to perform his equal-and-uniform valuation analysis were questionably "comparable" and questionably "appropriately adjusted" for several reasons such that any opinion drawn from them would be unreliable. During its cross-examination of Dominy, HCAD showed:

- Dominy's "comparable properties" were significantly smaller retail centers with 105,897 to 258,513 of square feet of improvements compared to the 407,013 square feet of improvements in Champion's Village Shopping Center;

- Nine of the ten "comparable properties" used had per-square-foot appraised values significantly lower than Champion's Village;

- Dominy used only ten "comparable properties" even though there were 191 retail centers existing in the northwest quadrant of Harris County, where Champion's Village Shopping Center was located;
- Dominy carved out portions of the comparable retail centers due to disparate ownership and, in fact, used only portions of the "comparable properties" selected in his equal-and-uniform analysis;
- The adjustments Dominy made to the "comparable properties" considered only physical characteristics of condition, age, size and location; and
- The amount of the percentage adjustment for each characteristic of the "comparable properties" that differed from Champion's Village was subjective.

This testimony constitutes a sufficient basis for the trial court to have rejected Dominy's testimony as unreliable, based upon the quality of the "comparable properties." Though not unbridled, the trial court had great latitude in ruling on the admissibility of an expert appraiser's testimony based upon underlying facts or data. *See, e.g., Pape v. Guadalupe–Blanco River Auth.,* 48 S.W.3d 908, 916 (Tex.App.-Austin 2001, pet. denied) (upholding exclusion of comparable sales in condemnation proceeding); *Boswell v. Brazos Elec. Power Co-op., Inc.,* 910 S.W.2d 593, 602–03 (Tex. App.-Fort Worth 1995, writ denied) (upholding exclusion of appraisal report); *Southwestern Bell v. Ramsey,* 542 S.W.2d 466, 476 (Tex.Civ.App.-Tyler 1976, writ ref'd n.r.e.) (upholding admission of comparable sales in eminent-domain proceeding). We find ample support in the record for the trial court, in its role as "gatekeeper," to have concluded that Dominy's testimony was inadmissible because Dominy lacked a reliable foundation for his opinions. As a result, the trial court's exclusion of Dominy's testimony was not arbitrary or without reference to any guiding rules or legal principles. Therefore, the trial court did not abuse its discretion. We overrule Weingarten's second issue.

## Did the trial court exclude Dominy's testimony based on an improper interpretation and application of section 42.26(d) of the Texas Tax Code?

In its first issue, Weingarten argues the trial court abused its discretion in interpreting and applying section 42.26(d) of the Texas Tax Code to exclude Weingarten's expert testimony. Essentially, Weingarten claims the trial court rejected the methodology of the statute if it excluded Dominy. We begin with a review of the statute and this court's opinion in *Harris County Appraisal Dist. v. United Investors Realty Trust,* 47 S.W.3d 648, 653 (Tex. App.-Houston [14th Dist.] 2001, pet. denied).

In 1997, the Texas Legislature enacted section 42.26(d) of the Texas Tax Code, which states:

> The District Court shall grant relief on the ground that a property is appraised unequally if the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted.

TEX. TAX CODE § 42.26(d). In order to perform the calculation under this statute, the appraisal expert determines a reasonable number of comparable properties. Then, the expert takes the appraised value of those properties from the public record, and appropriately adjusts them to the subject property. Thereafter, the appropriately adjusted comparable properties are arrayed and a median is determined. *United Investors Realty Trust,* 47 S.W.3d at 653.

■ In *United Investors Realty Trust,* this court noted that section 42.26(d) became law on January 1, 1998, enacted as part of the Taxpayer's Bill of Rights. *See id.* at 652. It was intended to facilitate tax remedies for property owners. *Id.* In using the methodology mandated by this new avenue for *ad valorem* tax relief, this court rejected any requirement of independent market-value appraisals of comparable properties, appraisal ratios, or a statistical sample of comparable properties. *See id.* at 653. The proper application of section 42.26(d) does not mandate consideration of market value. *Id.* at 654. Weingarten and HCAD have made several arguments to the trial court, similar to issues presented in *United Investors Realty Trust.* These arguments question the proper interpretation of the Texas Tax Code and what factors an expert appraisal witness should consider in forming an unequal-appraisal opinion. HCAD asserts that section 42.26(d) requires consideration of independent market value of comparable properties. This court rejected that argument in *United Investors Realty Trust. See id.* at 653. By statute, appraised value is market value. *See* Tex. Tax Code § 23.01(a). Furthermore, if a conflict exists between taxation at market value and equal and uniform taxation, equal and uniform taxation must prevail. *United Investors Realty Trust,* 47 S.W.3d at 654.

Dominy's methodology complied with section 42.26(d). Counsel for Weingarten systematically led Dominy through the statute as Dominy made his calculations to form opinions of unequal appraisal and a value for an equal appraisal. There was nothing about his methodology that contravened section 42.26(d). *See id.* Many of HCAD's arguments in its motion to exclude in the trial court were not proper grounds for exclusion of Dominy's testimony; however, the lack of a reliable foundation under *Robinson* was a proper objection, and, as discussed above, the trial court did not abuse its discretion in excluding Dominy's testimony on that basis.

Nothing in the record indicates the trial court rejected the methodology of section 42.26(d). There are no findings of fact or conclusions of law. Therefore, this court must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *See Curtis v. Comm'n for Lawyer Discipline,* 20 S.W.3d 227, 231 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 258 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Weingarten tries to isolate the trial court's discretion in excluding evidence to an erroneous interpretation of section 42.26, essentially characterizing HCAD's arguments as an attack on this court's opinion in *United Investors Realty Trust.* We disagree. Although HCAD asserted objections that conflict with section 42.26(d) and with *United Investors Realty Trust,* those were not its only objections in this case. HCAD also moved to exclude Dominy's testimony based on the lack of reliability in his foundational data and the way he selected comparable properties. Inasmuch as we have affirmed the trial court's exclusion of Dominy's testimony on this basis, Weingarten's first issue does not assert reversible error, and is therefore overruled.

### Was Weingarten entitled to attorney's fees?

Finally, in its third issue, Weingarten argues it was entitled to an award of attorney's fees. Because Weingarten has not prevailed in this case, it is not entitled to attorney's fees under the Texas Tax Code. *See* Tex. Tax Code § 42.29; *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835

S.W.2d 75, 79 (Tex.1992). Accordingly, we overrule Weingarten's third issue.

We affirm the trial court's judgment.