NUMBER 13-06-00545-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARY LOUISE SWANTNER-CARTER, Appellant,


v.


THE FROST NATIONAL BANK AS

SUCCESSOR TRUSTEE, BILLY 

TOSHEFF, MICHELLE EMURA, 

STEVE TOSHEFF, AND ALEX TOSHEFF, Appellees.

 


On appeal from the 148th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza



 Appellant, Mary Louise Swantner-Carter ("Carter"), challenges the trial court's denial
of her request to modify or terminate the testamentary trust established by her father,
George Robert Swantner ("Swantner"). See Tex. Prop. Code Ann. § 112.054 (Vernon
2007) (providing for judicial modification or termination of trusts). By three issues, Carter
contends that: (1) the trial court erred by failing to find controlling facts and make
necessary conclusions of law; (2) the trial court's denial of her request to modify or
terminate the trust was error; and (3) the evidence was legally insufficient to support the
trial court's findings and conclusions. We affirm.

I. Background

 By his will dated November 8, 1966, Swantner left a one-quarter interest of his
estate in a spendthrift trust for his daughter, Carter, with a remaining interest in Carter's
heirs. Swantner also left one-quarter interests in his estate to two of his sons outright and
to his third son in a separate, more liberal trust. Swantner appointed Guaranty National
Bank and Trust ("Guaranty") as independent executor of his will and as trustee for Carter's
trust. According to the will, Carter was to receive $600 per month from the trust principal. 
The trust instrument also contained spendthrift provisions, protecting the trust from liability
for Carter's debts. By a codicil dated July 25, 1974, Swantner designated a tract of land
to vest in fee simple to Carter. Swantner died in 1978.

 In 1981, Carter, suffering from physical and mental health problems, filed suit
against Citizens State Bank ("Citizens"), which succeeded Guaranty as trustee, seeking
modification of the trust to provide her with additional funds. On December 14, 1981, the
trial court rendered an order modifying the trust terms to provide that Carter could be paid
a maximum of $3,000 per month, which would be indexed to inflation. The court
specifically ordered that these monthly distributions would be paid for Carter's
"maintenance, support, medical care and hospitalization" and would be made exclusively
from the net income of the trust. However, since the district court's modification, the trust
has not consistently generated $3,000 in monthly income. Presently, the approximately
$466,500 in trust assets generate around $2,000 per month in interest, which is distributed
entirely to Carter.

 Contending that the trust income failed to meet her maintenance and medical care
needs, Carter filed suit on September 27, 2004, seeking a further modification or
termination of the trust. Specifically, Carter sought a declaration permitting Frost National
Bank ("Frost"), which succeeded Citizens as trustee, to pay Carter up to the $3,000
maximum amount out of the trust principal as well as the trust income. Carter named Frost
and her four children, William M. Tosheff, II, Michelle L. Emura, Stephen D. Tosheff, and
George A. Tosheff (collectively "the Tosheffs") as defendants in the suit. The Tosheffs,
who stand to inherit the trust principal upon Swantner's death as remainder beneficiaries,
opposed allowing their mother to receive funds out of the trust principal.

 In her first amended petition filed on January 5, 2005, Carter specified the grounds
on which she based her request for modification, stating: "The beneficiary's [Carter's]
circumstances was [sic] not, and could not have been anticipated when the trust was
created, and her current medical and psychological needs substantially impair the
accomplishment of the purposes of the trust." See id. § 112.054(a)(1), (2). After a bench
trial, the trial court rendered judgment on June 15, 2006, denying Carter's petition and
reaffirming the modification made by the court in 1981.

 Carter filed a request for findings of fact and conclusions of law on June 19, 2006. 
On July 11, 2006, Carter filed a notice of past due findings of fact and conclusions of law,
and a motion for new trial alleging that the court's judgment failed to follow the evidence
and wrongly applied the law, and requesting that the trial court "make the correct legal and
moral judgment." The trial court filed findings of fact and conclusions of law on July 12,
2006. Carter then filed a request for additional or amended findings of fact and
conclusions of law, and on August 15, 2006, the trial court provided amended findings of
fact and conclusions of law. Dissatisfied with the trial court's response, Carter filed a
second request for additional or amended findings of fact and conclusions of law on August
16, 2006. The trial court denied the request. This appeal ensued.

II. Discussion

A. Findings of Fact and Conclusions of Law

 By her first issue, Carter alleges that the trial court abused its discretion by failing
to make necessary findings of fact and conclusions of law regarding the testator's intent
and the actual dollar amount required for Carter's current monthly maintenance, medical
care, and hospitalization. Carter further claims that because the trial court declined to
make these additional requested findings and conclusions, she has been prevented from
properly presenting her case to this Court.

 "In any case tried in the district or county court without a jury, any party may request
the court to state in writing its findings of fact and conclusions of law." Tex. R. Civ. P. 296. 
If a party deems the court's findings and conclusions deficient in some respect, he may
request specified additional or amended findings or conclusions. Tex. R. Civ. P. 298. The
trial court need only enter findings, or additional findings, on ultimate or controlling issues,
rather than on mere evidentiary issues. Flanary v. Mills, 150 S.W.3d 785, 793 (Tex.
App.-Austin 2004, pet denied) (citing Lifshutz v. Lifshutz, 61 S.W.3d 511, 515 (Tex.
App.-San Antonio 2001, pet. denied)).

 An ultimate fact issue is one that is essential to the cause of action and would have
a direct effect on the judgment. Id. (citing Clear Lake City Water Auth. v. Winograd, 695
S.W.2d 632, 639 (Tex. App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.)). An evidentiary
issue is one the trial court may consider in deciding the controlling issue, but is not a
controlling issue itself. Id. at 793-94. When a party makes a proper and timely request for
findings under rule 296 and the trial court fails to comply, harm to the complaining party is
presumed unless the contrary appears on the face of the record. Tenery v. Tenery, 932
S.W.2d 29, 30 (Tex. 1996). Moreover, harm will be found if an error prevents an appellant
from properly presenting its case to the appellate court. Id.; see Tex. R. App. P. 44.1(a)(2).

 Carter contends that her father's original intent and the actual dollar amount
required for her maintenance are "ultimate or controlling issues" and, therefore, that the
trial court's failure to make additional findings and conclusions was error. We disagree. 
The only issue before the trial court was whether to modify or terminate the trust pursuant
to section 112.054(a) of the property code, which provides in relevant part as follows:

(a) On the petition of a trustee or a beneficiary, a court may order that the
trustee be changed, that the terms of the trust be modified, that the trustee
be directed or permitted to do acts that are not authorized or that are
forbidden by the terms of the trust, that the trustee be prohibited from
performing acts required by the terms of the trust, or that the trust be
terminated in whole or in part, if:


(1) the purposes of the trust have been fulfilled or have become illegal or
impossible to fulfill; [or] 


(2) because of circumstances not known to or anticipated by the settlor,
the order will further the purposes of the trust . . .


Tex. Prop. Code Ann. § 112.054(a). Moreover, section 112.054(b) provides that, although
"[t]he court shall exercise its discretion to order a modification or termination under
Subsection (a) in the manner that conforms as nearly as possible to the probable intention
of the settlor," the court "is not precluded from exercising its discretion to modify or
terminate solely because the trust is a spendthrift trust." Id. § 112.054(b). (1)

 Therefore, while the "probable intention of the settlor" is an important consideration
in determining whether to modify or terminate a trust, it is not necessary or controlling to
the disposition of the case. Rather, the only findings "essential to the cause of action" were
those pertaining to the conditions outlined in sections 112.054(a)(1) and (2) of the property
code; that is, whether "the purposes of the trust have been fulfilled or have become illegal
or impossible to fulfill" or whether "because of circumstances not known to or anticipated
by the settlor, the order will further the purposes of the trust." See id. § 112.054(a)(1), (2). 
The trial court specifically stated in its amended findings of fact that "[t]he purposes of the
Trust are being fulfilled and have not become illegal or impossible to fulfill" and that "[t]here
are no circumstances not known to or anticipated by George Robert Swantner, relating to
his daughter, Plaintiff Mary Louise Swantner-Carter."

 We conclude that the trial court's specific findings and conclusions with respect to
Swantner's original intent and the exact dollar amount necessary for Carter's maintenance
were not "essential to the cause of action" and would not have had a "direct effect on the
judgment"; therefore, they were not "ultimate or controlling" issues. See Flanary, 150
S.W.3d at 793. Accordingly, the decision of the trial court not to issue findings of fact or
conclusions of law with respect to those issues was not error. See id. We overrule
Carter's first issue.

B. Modification and Termination of the Trust

 By her second issue, Carter claims that the trial court erred in denying her petition
to modify or terminate the trust. By her third issue, Carter asserts that the evidence was
legally insufficient to support the trial court's findings of fact numbers five and six (2) and
conclusions of law numbers one and two. (3) She specifically contends that "overwhelming
evidence shows that the Trust's purposes are not being fulfilled, that the trust's purposes
have become impossible to fulfill, and that circumstances exist today which were not
known or anticipated by the testator."

 We review a trial court's determination regarding modification or termination of a
trust for abuse of discretion. See Tex. Prop. Code Ann. §§ 112.054(a) (stating that "a
court may order that the terms of the trust be modified . . ."), 112.054(b) (stating that "the
court shall exercise its discretion to order a modification or termination under Subsection
(a) . . ."). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner,
or without reference to any guiding rules or principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 328, 241-42 (Tex. 1985). Under this standard, we may not substitute our
own judgment for the trial court's judgment. See Bowie Mem'l Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002). Moreover, under an abuse of discretion standard, legal insufficiency
of the evidence is not an independent reversible ground of error but is a relevant factor in
assessing whether the trial court abused its discretion. See Beaumont Bank, N.A. v.
Buller, 806 S.W.2d 223, 226 (Tex. 1991); see also Weingarten Realty Investors v. Harris
County Appraisal Dist., 93 S.W.3d 280, 283 (Tex. App.-Houston [14th Dist.] 2002, no pet.)
(op. on reh'g); In re T.D.C., 91 S.W.3d 865, 872 (Tex. App.-Fort Worth 2002, pet. denied). 
We therefore consider Carter's second and third issues, challenging the discretion of the
trial court and the sufficiency of the evidence respectively, together.

 As noted above, sections 112.054(a)(1) and (2) of the property code permit a court
to modify or terminate a trust if "the purposes of the trust have been fulfilled or have
become illegal or impossible to fulfill" or if "because of circumstances not known to or
anticipated by the settlor, the order will further the purposes of the trust." See Tex. Prop.
Code Ann. § 112.054(a)(1), (2). Swantner alleged that her physical and mental disabilities
were not known by her father at the time he formulated his will. She further contended that
the purpose of the trust was to provide for her health and maintenance, and that this
purpose would be impossible to fulfill if the trustee was limited to making distributions to
her out of the net income of the trust.

 Carter bore the burden of proof as the petitioner in the trial court seeking judicial
modification or termination of the trust. See id. When a party attacks the legal sufficiency
of an adverse finding on an issue on which she has the burden of proof, she must
demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (citing
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); W. Wendell Hall,
Standards of Review in Texas, 29 St. Mary's L.J. 351, 481-82 (1998)). In reviewing a such
a challenge, we must first examine the record for evidence that supports the finding, while
ignoring all evidence to the contrary. Id. If there is no evidence to support the finding, we
will then examine the entire record to determine if the contrary proposition is established
as a matter of law. Id. The issue should be sustained only if the contrary proposition is
conclusively established. Id. (citing Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983)).

 Here, there was ample evidence supporting the trial court's findings. John
Swantner, Carter's brother, testified that their father knew Carter well and was concerned
about her well-being. George Tosheff testified that Carter has had psychological problems
for most of her adult life, including schizophrenia and depression, as well as a history of
dependence on prescription drugs. The evidence supported the conclusion that there were
no circumstances not known or anticipated by Swantner relating to Carter, and that the
purposes of the trust are presently being fulfilled.

 In construing the provisions of a trust, the settlor's intent is to be ascertained by
looking to the provisions of the instrument as a whole, as set forth within the four corners
of the instrument. Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, 748
S.W.2d 218, 220 (Tex. 1988) (citing Stewart v. Selder, 473 S.W.2d 3, 7 (Tex. 1971);
Sellers v. Powers, 426 S.W.2d 533, 536 (Tex. 1968)). Here, the original trust document
provided for a spendthrift trust and required the trustee to distribute $600 per month from
the trust principal to Carter, without regard to how the funds would be used. The 1981
judicial modification increased the maximum amount that could be distributed to Carter to
$3,000 per month and mandated that those funds be distributed from the net income of the
trust rather than the trust principal. The 1981 judgment also stated that the funds were to
be provided for Carter's "maintenance, support, medical care and hospitalization" and that
the original spendthrift provisions of the trust were still applicable. Carter urges us to find
that the 1981 judgment thereby created in her an entitlement to receive funds from the trust
sufficient to compensate her for her medical needs, no matter how much the cost. We
decline to do so. A court must not redraft the trust document or add provisions under the
guise of construction in order to effectuate some presumed intent of the settlor. See id.
(citing Shriner's Hosp. for Crippled Children v. Stahl, 610 S.W.2d 147, 151 (Tex. 1980);
Huffman v. Huffman, 161 Tex. 267, 273, 339 S.W.2d 885, 888 (1960)).

 We find that there was legally sufficient evidence supporting the trial court's findings
of fact and conclusions of law. See Dow Chem. Co., 46 S.W.3d at 241. Moreover, we
conclude that the trial court did not act arbitrarily or unreasonably or without reference to
guiding rules and principles in declining to modify or terminate the trust. Accordingly, the
trial court did not abuse its discretion in denying Carter's requested relief. See Downer,
701 S.W.2d at 241-42. Carter's second and third issues are overruled.

III. Conclusion

 Having overruled Carter's three issues on appeal, we affirm the judgment of the trial
court.


 _________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 7th day of August, 2008.
1. Section 112.035 of the Texas Property Code, entitled "Spendthrift Trusts," provides in relevant part
the following:


(a) A settlor may provide in the terms of the trust that the interest of a beneficiary in the
income or in the principal or in both may not be voluntarily or involuntarily transferred before
payment or delivery of the interest to the beneficiary by the trustee.


(b) A declaration in a trust instrument that the interest of a beneficiary shall be held subject
to a "spendthrift trust" is sufficient to restrain voluntary or involuntary alienation of the interest
by a beneficiary to the maximum extent permitted by this subtitle.


Tex. Prop. Code Ann. § 112.035(a), (b) (Vernon Supp. 2007).

2. The trial court's amended findings of fact numbers five and six stated as follows:


(5) There are no circumstances not known to or anticipated by George Robert
Swantner, relating to his daughter, Plaintiff Mary Louise Swantner-Carter.


(6) The purposes of the Trust are being fulfilled and have not become illegal or
impossible to fulfill.
3. The trial court's amended conclusions of law numbers one and two stated as follows:


(1) Modification of the Trust created under the Last Will of George Robert Swantner, for
his daughter Mary Louise Swantner-Carter, and his grandchildren, Stephen Tosheff,
Michelle L. Emura (formerly Michelle L. Tosheff), William M. Tosheff, II, and George
Alexander Tosheff, beyond that authorized by this Court's Judgment of December
17, 1981, is not justified under Section 112.054, Texas Property Code or otherwise,
and is therefore denied.


(2) No payments to or for the benefit of Plaintiff Mary Louise Swantner-Carter are
authorized beyond the Trust income up to the maximum amount per month as set
out in the Judgment of December 17, 1981.