NUMBER 13-08-00054-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SAMUEL GARCIA, JR., M.D., Appellant,


v.


MARIA GOMEZ, INDIVIDUALLY, AND AS

REPRESENTATIVE OF THE ESTATE OF

OFELIA MARROQUIN, ET AL., Appellees.

 


On appeal from the County Court at Law No. 5

of Hidalgo County, Texas.

 


 O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Benavides


 Opinion by Chief Justice Valdez
 

 Appellant, Samuel Garcia, Jr., M.D., appeals a judgment dismissing a health care
liability claim brought by appellee, Maria Gomez, individually, and as representative of the
estate of Ofelia Marroquin. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon
Supp. 2008). By one issue, Garcia contends the trial court erred in denying him an award
of attorney's fees after it dismissed a health care liability claim against him. See id. §
74.351(b) (Vernon Supp. 2008). We affirm.

I. Background

 After undergoing abdominal surgery, Marroquin died from a pulmonary embolism. 
On June 19, 2007, Gomez brought health care liability claims against the hospital and
Garcia, alleging that they were negligent in not recognizing Marroquin's history of deep vein
thrombosis and in failing to prevent the fatal pulmonary embolism. On October 24, 2007,
Garcia filed a motion to dismiss Gomez's claim and request for attorney's fees. See id. 
Gomez responded to the motion by agreeing to dismissal. Gomez, however, argued that
an award of attorney's fees was unreasonable because when she sued, she believed that
Garcia was negligent in not placing a "filter" in Marroquin's chest cavity to prevent the
pulmonary embolism. During discovery, the hospital produced medical records showing
that Marroquin had a filter in place. Gomez argued an award of attorney's fees would be
unreasonable because she did not know that a filter had been used before suing.

 On November 19, 2007, a hearing on Garcia's motion was held in which Gomez's
counsel argued that suit was filed without knowing that a filter was in place and that even
Garcia's medical records did not show that a filter had been employed. Gomez agreed to
the dismissal, but she argued that attorney's fees were not warranted. Garcia argued that
the clarity of the medical records was irrelevant to the trial court's obligation to award
attorney's fees. As to the amount of attorney's fees, Ronald Hole, Garcia's counsel,
testified that:

I'm an attorney practicing in Hidalgo County, doing medical-malpractice
law/litigation. I have done it since 1984. For a usual and customary case
like this the [sic] fees for handling it up to the point of dismissal, the
reasonable and necessary attorney's fee for handling that is 12,200
dollars. . . .


Gomez's counsel did not cross-examine Garcia's counsel. The trial court signed an order
dismissing the cause under section 74.351 of the civil practice and remedies code. See
id. The order states that attorney's fees are "N/A." This accelerated appeal followed. See
id. § 51.014(a)(9).

II. Discussion

 When a trial court rules on a defendant health care provider's motion to dismiss a
health care liability claim, we review the ruling for an abuse of discretion. See Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877-78 (Tex. 2001);
Rittmer v. Garza, 65 S.W.3d 718, 721 (Tex. App.-Houston [14th Dist.] 2001, no pet.). An
abuse of discretion occurs when the trial court acts in an unreasonable or arbitrary manner,
without reference to any guiding rules or principles. Walker v. Gutierrez, 111 S.W.3d 56,
62 (Tex. 2003). A trial court will be deemed to have acted arbitrarily and unreasonably if
the trial court could have reached only one decision, yet reached a different one. See
Teixeira v. Hall, 107 S.W.3d 805, 807 (Tex. App.-Texarkana 2003, no pet.). To that end,
a trial court abuses its discretion when it fails to analyze or apply the law correctly. In re
Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (citing In re Kuntz, 124 S.W.3d 179,
181 (Tex. 2003)).

 Garcia's only issue is whether the trial court abused its discretion in not awarding
attorney's fees. Section 74.351 provides:

If, as to a defendant physician or health care provider, an expert report has
not been served within the period specified by Subsection (a), the court, on
the motion of the affected physician or health care provider, shall, subject
to Subsection (c), enter an order that: (1) awards to the affected physician
or health care provider reasonable attorney's fees and costs of court
incurred by the physician or health care provider. . . .


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (emphasis added). Statutes providing that
a party "shall" be awarded attorney's fees are not discretionary. See Bocquet v. Herring,
972 S.W.2d 19, 20 (Tex. 1998); Doades v. Syed, 94 S.W.3d 664, 674 (Tex. App.-San
Antonio 2002, no pet.). But whether a statute provides for the award of attorney's fees
does not end our inquiry. Gomez argues that the trial court was presented with legally
insufficient evidence to support the award of attorney's fees. 

 A claim is supported by legally insufficient evidence if the record shows one of the
following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence
bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence
establishes conclusively the opposite of the vital fact. See City of Keller v. Wilson, 168
S.W.3d 802, 810 (Tex. 2005). Under an abuse of discretion standard, legal insufficiency
of the evidence is not an independent reversible ground of error but is a relevant factor in
assessing whether the trial court abused its discretion. Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991); see Weingarten Realty Investors v. Harris County Appraisal
Dist., 93 S.W.3d 280, 283 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (op. on reh'g). 

 Courts are to consider the following factors when determining the amount of
reasonable attorney's fees: (1) the time and labor required, novelty, and difficulty of the
question presented and the skill required to properly perform the legal service; (2) the
likelihood that the acceptance of employment precluded other employment by the lawyer;
(3) the fee customarily charged in the locality for similar services; (4) the amount involved
and the results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with the client; (7)
the experience, reputation, and ability of the lawyer performing the services; and (8)
whether the fee is fixed or contingent. See Arthur Andersen & Co. v. Perry Equip. Corp.,
945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. R. Disciplinary P. 1.04(b), reprinted in
Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005 & Supp. 2008)). When making
an inquiry as to attorney's fees, courts are free to look at the entire record, the evidence
presented on reasonableness, the amount in controversy, the common knowledge of the
participants as lawyers and judges, and the relative success of the parties. Garrod Invs.,
Inc. v. Schlegel, 139 S.W.3d 759, 767 (Tex. App.-Corpus Christi 2004, no pet.).

 Of the eight factors, Garcia's counsel attempted to prove only the third when he
stated, "[f]or a usual and customary case like this the [sic] fees for handling it up to the
point of dismissal, the reasonable and necessary attorney's fee for handling that is 12,200
dollars." A statement is conclusory--and therefore constitutes no evidence--if it does not
provide the underlying facts to support its conclusion. Residential Dynamics, LLC v.
Loveless, 186 S.W.3d 192, 198 (Tex. App.-Fort Worth 2006, no pet.); Haynes v. City of
Beaumont, 35 S.W.3d 166, 178 (Tex. App.-Texarkana 2000, no pet.). Garcia's attorney
did not provide any underlying facts to support his conclusion that the reasonable total fee
was $12,200, and from the record we cannot either. Cf. Doctors Hosp. at Renaissance,
Ltd. v. Ramirez, No. 13-07-00608-CV, 2008 Tex. App. LEXIS 5124, at *10 (Tex.
App.-Corpus Christi July 10, 2008, no pet.) (holding that an attorney's testimony
"established several of the Anderson prongs, including: (1) the time and labor required; (2)
the fee customarily charged in the locality for similar legal services; and (3) amount
involved and results obtained."). 

 Moreover, Garcia's counsel did not state that Garcia "incurred" the attorney's fees
that were requested under the statute. Attorney's fees are recoverable only when provided
for by statute or by the parties' agreement. Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,
835 S.W.2d 75, 77 (Tex. 1992). With regard to chapter 74, the legislature premised an
award of attorney's fees on an affected physician or health care provider incurring those
fees. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (emphasis added); see also
Aviles v. Aguirre, No. 13-06-00495-CV, 2008 Tex. App. LEXIS 1098, at *5-7 (Tex.
App.-Corpus Christi Feb. 14, 2008, pet. filed). "In construing a statute, 'our primary
objective is to determine and give effect to the Legislature's intent.'" Tex. Dep't of Transp.
v. Needham, 82 S.W.3d 314, 318 (Tex. 2002) (quoting Nat'l Liab. & Fire Ins. Co. v. Allen,
15 S.W.3d 525, 527 (Tex. 2000)). Had the legislature meant to unconditionally award
attorney's fees to medical malpractice defense attorneys it could have done so. If we
sustained Garcia's issue, we would go against legislative intent and erase "incurring" from
the statute. 

 Thus, not only is Garcia's counsel's testimony regarding attorney's fees conclusory,
it failed to establish an essential statutory element. Therefore, we find the evidence legally
insufficient to support an award of attorney's fees. Garcia's sole issue is overruled.

III. Conclusion

 The judgment of the trial court is affirmed.

 ____________________ ROGELIO VALDEZ

 Chief Justice 

Opinion delivered and filed this 

the 4th day of December, 2008.